**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GUSTAVO ARMANDO ADRIAN
SANCHEZ,**

          **Petitioner,**

**v.**                                   **Case No: 6:26-cv-266-PGB-RMN**

**LOUIS A. QUINONES, JR.,
GARRETT J. RIPA, and KRISTI
NOEM,**

          **Respondents.**

                               /

## <u>ORDER</u>

This cause is before the Court for consideration without oral argument on Petitioner's Emergency Notice of Transfer and Motion to Order Return of Petitioner to the Middle District of Florida. (Doc. 7 (the "**Motion**")). The Government submitted a response. (Doc. 11 (the "**Response**")). Upon consideration, the Motion is granted.[1]

## I.    BACKGROUND

On Sunday, February 1, 2026, at 9:25 PM, the Petitioner filed an Emergency Petition for Writ of Habeas Corpus. (Doc. 1). Five minutes later, the Petitioner filed

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981).

an Emergency Motion for Temporary Restraining Order. (Doc. 2). On Monday, February 2, 2026, at 10:56 AM, the Court entered a Temporary Restraining Order ("**TRO**") preventing the Respondents from moving the Petitioner from the Orange County Jail. (Doc. 4). On February 5, 2026, the Petitioner's counsel filed an Emergency Notice to Transfer and Motion to Order Return of Petitioner to the Middle District of Florida. (Doc. 7). Petitioner's counsel avers that inmate records from the Orange County Jail show that the Petitioner was released to ICE on February 2, 2026, around 10:30 AM, approximately 26 minutes before the Court entered the TRO. (Doc. 7). In the Response, the Government discloses that the Petitioner has been moved to Florida Soft Side South. (Doc. 11, p. 2).

The Court notes that the Petitioner was arrested by the Orange County Sheriff's Office for alleged disorderly conduct on December 12, 2025. (Doc. 1, p. 3). The State of Florida filed a No Information on January 15, 2026, dropping the charge. (*Id.*). Accordingly, the Petitioner has been detained on the ICE detainer since January 15, 2026.

## II.   DISCUSSION

It does not strike the Court as a mere coincidence that the Petitioner was turned over to ICE and removed from the Middle District of Florida, Orlando Division the morning after he filed a Petition for Writ of Habeas Corpus. If ICE were not attempting to prevent the Court from ruling on the Petition, it would have begun removal proceedings sooner. It is obvious that once the Petition for Writ of Habeas Corpus was filed, ICE rushed to move the Petitioner in a ham-fisted

attempt to avoid another adverse ruling. However, the government concedes that this Court retains jurisdiction. (Doc 11) ("Jurisdiction was proper at the time this Petition was filed and Petitioner's relocation to a different facility—still withing the Middle District of Florida—does not risk destruction of jurisdiction.").

The Respondents are **ORDERED** to immediately return the Petitioner to the Middle District of Florida, Orlando Division. **ALTERNATIVELY**, the Respondents may immediately release the Petitioner pending a bond hearing pursuant to 8 U.S.C. § 1226. If the Petitioner is released, he will not be rearrested by ICE for ten days. If rearrested, a bond hearing under § 1226 shall take place within 72 hours of rearrest.

Should the Respondents again attempt to frustrate a hearing on a petitioner's writ for habeas corpus by rushing to move a petitioner before the Court has time to enter a TRO, contempt proceedings shall issue.

## III.   CONCLUSION

Accordingly, it is **ORDERED:**

1.   Respondents are **ORDERED** to immediately return the Petitioner to the Middle District of Florida, Orlando Division.

2.   Alternatively, Respondents shall immediately release the Petitioner from custody. Should Respondents elect to release the Petitioner, they shall not rearrest the Petitioner for 10 days. If the Petitioner is rearrested, the Respondents are **ORDERED** to provide the Petitioner with a bond hearing under 8 U.S.C. § 1226 within 72 hours of his

arrest.

3.   The Clerk of Court is **DIRECTED** to serve copies of this Order as follows:

   (1)   Copy to Immigration and Customs Enforcement (Attn: Assistant Field Office Directors) via email at MIAAOR-Habeas-DG@ice.dhs.gov;

   (2)   Copy to United States Attorney's Office via email at USAFLM.Orlando2241@usdoj.gov;

   (3)   Courtesy copy to Orange County Jail / Warden's Office at irmpickupdesk@ocfl.net; so-as-legalservices@ocsofl.com; OCCDRecords@ocfl.net; and Juanita.Beason@ocfl.net.

   (4)   Courtesy copy to United States Marshal Service via email at usms-mfl-orl@usdoj.gov;

   (5)   Copy via certified mail to the United States Attorney's Office at 400 W. Washington Street, Suite 3100, Orlando, FL 32801; and

   (6)   Copy via certified mail to the United States Attorney General at 950 Pennsylvania Ave., NW Washington, DC 20530;

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record